UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| HOWELL DEAN O'BRYAN, JR., <br><br> Movant, <br><br> vs. <br><br> J.W. COX, IN HIS CAPACITY AS WARDEN OF YANKTON FEDERAL PRISON CAMP; <br><br> Respondent. | 4:21-CV-04052-LLP <br><br> AMENDED ORDER ON MOTIONS |

Pending are various motions filed by movant Howell Dean O'Bryan, Jr. First, Mr. O'Bryan requests his immediate release during the pendency of this case. See Docket No. 4. Courts do have some discretion to grant bail to a habeas petitioner pending a decision on the merits, but the petitioner must show a substantial claim of law based on the facts and some circumstance making the request for bail exceptional and deserving of special treatment in the interests of justice. See, e.g. Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990). Cf. Martin v. Solem, 801 F.2d 324, 329 (8th Cir. 1986) (holding court has inherent power to grant bail to a state prisoner pending a decision on the merits of his habeas petitioner if he shows a substantial federal constitutional claim that presents a clear case on the law and a clear, readily apparent, case on the facts as well as the existence of some circumstance which makes his

request for bail exceptional in the interests of justice.)  Prisoners are rarely granted bail under this discretionary power of the court.  <u>Martin</u>, 801 F.2d at 329.

 Mr. O'Bryan has not shown either of these factors.  He cites to the increased risk of Covid infection among inmates, but if true, this is a circumstance attendant to every federal prisoner.  Mr. O'Bryan's circumstances are not exceptional and deserving of special treatment as compared to all other federal prisoners.  Also, respondent has yet to address the merits of Mr. O'Bryan's petition, so it is unknown whether he has presented a substantial constitutional claim that is clear under the law and clear and readily evident based on the facts.

 Second, Mr. O'Bryan requests the court appoint counsel to represent him in this case.  <u>See</u> Docket No. 5.  There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases. <u>Hoggard v. Purkett</u>, 29 F.3d 469, 471 (8th Cir. 1994). Habeas actions are civil in nature, so the Sixth Amendment right to counsel applicable in criminal proceedings does not apply. <u>Id</u>. The court does, however, have discretion to appoint counsel if the interests of justice so require or if an evidentiary hearing will be held. <u>See</u> 18 U.S.C. § 3006A(a)(2)(B). The court will not appoint counsel at this juncture of the proceedings and accordingly denies movant's motion. This case is not legally or factually complex and the court is confident movant can present his issues himself at this point. Should an evidentiary hearing become necessary, the court will appoint counsel.

Lastly, Mr. O'Bryan seeks to proceed in forma pauperis. See Docket No. 6. Although Mr. O'Bryan will be granted in forma pauperis status, he has sufficient funds in his prisoner trust account report to pay the $5.00 filing fee.

Accordingly, IT IS HEREBY ORDERED:

1. The motion for immediate release (Docket No. 4) is DENIED;

2. The motion for appointment of counsel (Docket No. 5) is DENIED;

3. The motion to proceed in forma pauperis (Docket No. 6) is GRANTED. Mr. O'Bryan shall pay the $5.00 filing fee to the clerk of court by May 6, 2021.

DATED this 7th day of April, 2021.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge