UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| HOWELL DEAN O'BRYAN, JR.,<br><br>Petitioner,<br><br>vs.<br><br>J.W. COX, IN HIS CAPACITY AS WARDEN OF YANKTON FEDERAL PRISON CAMP;<br><br>Respondent. | 4:21-CV-04052-LLP<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter is pending before the court on the *pro se* habeas petition pursuant to 28 U.S.C. § 2241 of Howell Dean O'Bryan, Jr., an inmate at the Yankton Prison Camp in Yankton, South Dakota. See Docket No. 1. Now pending before the court is a motion to dismiss by respondent ("the government"). See Docket No. 14. Mr. O'Bryan resists the motion. See Docket No. 17. This matter was referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, district court judge.

## FACTS

Mr. O'Bryan was sentenced on August 15, 2017, is currently serving a 90-month sentence for conspiring to possess with intent to distribute 50 grams or more of methamphetamine and for illegally possessing a firearm. See Docket No. 1 at p. 1, ¶ 4; Docket No. 16 at p. 2, ¶ 4. Respondent projects

Mr. O'Bryan's release date to be February 23, 2022, via good conduct time release.  Docket No. 16 at p. 2, ¶ 4.

Mr. O'Bryan asserts he is entitled to a credit against his sentence right now of 13.5 months which, together with a six-month pre-release home detention eligibility, means he should already have been released.  See Docket No. 1 at p. 8.  Mr. O'Bryan's argument is premised on the First Step Act ("FSA") discussed in more detail below.

## DISCUSSION

The First Step Act ("FSA"), Public Law No. 115-391, was enacted into law on December 21, 2018.  Mr. O'Bryan invokes the portion of the FSA dealing with an inmate's ability to earn credits allowing him to secure earlier release from prison.

Congress directed the Bureau of Prisons ("BOP") to develop a system to assess each inmate's risks and needs.  18 U.S.C. § 3632(a).  That risk and needs assessment tool was required to be completed no later than July 19, 2019.  Id.  The BOP met this deadline by announcing the development of its Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") tool on July 19, 2019.  See Press Release 19-784, U.S. Dep't of Justice, Department of Justice Announces the Release of 3,100 Inmates Under the First Step Act, Publishes Risk and Needs Assessment System available at https://www.justice.gov/opa/pr/department-justice-announces-release-3100-inmates-under-first-step-act-publishes-risk-and (last checked May 14, 2021).

Congress then directed the BOP to apply this assessment (the PATTERN tool) to determine each inmate's needs for programming appropriate to him. 18 U.S.C. § 3632(a)(3). This step was required to be completed 180 days after the creation of the PATTERN tool, or by January 15, 2020. The BOP met this deadline by screening all inmates using the PATTERN tool as announced on January 15, 2020. See Press Release 20-37, U.S. Dep't of Justice, <u>Department of Justice Announces Enhancement to the Risk Assessment System and Updates on First Step Act Implementation</u> available at https://www.justice.gov/opa/pr/department-justice-announces-enhancements-risk-assessment-system-and-updates-first-step-act (last checked May 14, 2021).

Congress created in the FSA a system of "time credits" to encourage inmates to participate in the particular programming needed by them as indicated by their PATTERN assessment. 18 U.S.C. § 3632(d). Under the FSA, time credits may be earned by eligible prisoners who successfully complete the right type of programming or productive activities. 18 U.S.C. § 3632(d)(4)(A). Time credits for the right kind of programming are awarded at the rate of "10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i). An inmate may receive an additional 5 days' credit for every

30 days, thus meaning such an inmate would receive 15 days' credit or 50%, if certain other conditions are met.  See 18 U.S.C. § 3632(d)(4)(A)(ii).[1]

Not all programs or activities an inmate participates in qualify for these time credits.  Id., and §§ 3635(3), (5).  Inmates may not count time credits earned prior to the enactment of the FSA under these provisions nor may they count programming completed before the commencement of their sentences.  18 U.S.C. § 3632(d)(4)(B).

The final deadline contained in the FSA directs the BOP to phase in the entire program for all prisoners by January 15, 2022.  18 U.S.C. § 3621(h)(2).  During the final phase-in period, the BOP is to provide priority to inmates based on the proximity of their release dates.  18 U.S.C. § 3621(h)(3).  Congress specified that, during the phase-in period, the BOP "may begin to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison as of" the date of enactment of the FSA.  18 U.S.C. § 3621(h)(4).

Mr. O'Bryan claims he is entitled to 14 months of programming credit under the FSA, to be applied to his release date immediately.[2]  See Docket No. 1 at p. 8, ¶ 15; Docket No. 17 at pp. 1-2.  Under the FSA, earned time credits are not tied to the number of days a prisoner spends incarcerated, but rather

---

[1] The other conditions are that (1) the inmate must have a PATTERN score of low or minimum and (2) he must have not increased his risk of recidivism over two consecutive assessments.  18 U.S.C. § 3632(d)(4)(A)(ii).  Petitioner uses this 50% figure in calculating the credits he believes he should be credited with.

[2] Mr. O'Bryan initially asserted he was due 13.5 months' credit.  However, due to the passage of time, he now calculates that figure to be 14 months.

the number of days of approved programming that the inmate successfully completes. 18 U.S.C. § 3632(d)(4)(A). Not all programs or activities an inmate participates in qualify for these time credits. Id., and §§ 3635(3), (5).

Factually, Mr. O'Bryan has failed to show that he has successfully accumulated credits for the right kind of programming sufficient to show he should be now released. But his claim fails for another reason not dependent upon the facts. Mr. O'Bryan's claim to receive credit immediately in the here and now for whatever programming he has completed rests upon his reading of the FSA under which the BOP is required to implement the FSA fully right now.

The government argues, to the contrary, that it need not fully implement the FSA until January 15, 2022. See Docket No. 15 at pp. 12-18. Until that date comes, the government argues, Mr. O'Bryan's claim is not ripe. Id. Because Mr. O'Bryan's claim is unripe, the respondent asserts this court is without subject matter jurisdiction to consider his petition. Id.

Chief Judge Roberto A. Lange, in a thorough opinion on this very subject, has ruled in favor of the government. See Holt v. Warden, 4:20-cv-04064-RAL, Docket No. 32 (D.S.D. May 13, 2021)(copy attached hereto). This court incorporates by reference herein the entirety of Chief Judge Lange's reasoning and authority. In short, only one court has ruled that the BOP is under an obligation to begin crediting inmates with earned FSA time credits prior to January 15, 2022. Id. at p. 10 (citing Goodman v. Ortiz, Civ. No. 20-7582 (RMB), 2020 WL 5015613 (D.N.J. Aug. 25, 2020). The majority of other courts

to address the issue have reached a contrary conclusion.  Id. (citing decisions from S.D.N.Y., N.D. Fla., C.D. Ill., E.D. Cal.).

Chief Judge Lange sided with the majority, noting that regarding implementation of FSA earned credits prior to January 15, 2022, Congress used the permissive word "may," not the mandatory word "shall."  Id. at p. 11. Although the court noted that the BOP was evading the spirit of the FSA by not engaging in any phasing in prior to January 15, 2022, ultimately, Chief Judge Lange concluded that Congress' intent was clear:  by using the word "may," the BOP was given discretion as to when earned FSA time credits would be credited toward prisoners' early release so long as they do so fully no later than January 15, 2022.

The court agrees entirely with Chief Judge Lange's analysis.  As the BOP has taken the position that it will not apply FSA credits *until* January 15, 2022, Mr. O'Bryan's claim prior to that date is not ripe.  Or, another way of characterizing his claim is that he lacks standing:  he cannot show he has sustained an injury.  Id.  Accordingly, this court concludes it lacks subject matter jurisdiction over Mr. O'Bryan's claim.

## CONCLUSION

Based on the foregoing facts, law and analysis, this magistrate judge respectfully recommends granting respondent's motion to dismiss [Docket No. 14] and dismissing Mr. O'Bryan's petition without prejudice for lack of subject matter jurisdiction.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 17th day of May, 2021.

BY THE COURT:

*Veronica L. Duffy*
VERONICA L. DUFFY
United States Magistrate Judge