UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| HOWELL DEAN O'BRYAN, JR., | CIV 21-4052 |
| Petitioner, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| J. W. COX, in his capacity as Warden of Yankton Federal Prison Camp, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTRODUCTION

This is the habeas corpus petition pursuant to 28 U.S.C. § 2241 of Howell Dean O'Bryan, Jr., an inmate at the Yankton Prison Camp in Yankton, South Dakota. Now pending before the Court is a Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim. Mr. O'Bryan resists the Motion, claiming that he is entitled to immediate release because of time credits under the First Step Act. The Bureau of Prisons claims it does not have to allow any time credits from the First Step Act to any prisoner until after January 15, 2022. The Court finds that it does have subject matter jurisdiction and a claim is stated under which relief can be granted.

## FACTS

Mr. O'Bryan was sentenced on August 15, 2017, is currently serving a 90-month sentence for conspiring to possess with intent to distribute 50 grams or more of methamphetamine and for illegally possessing a firearm. Respondent projects Mr. O'Bryan's release date to be February 23, 2022, via good conduct time release.

Mr. O'Bryan asserts he is now entitled to 14 months credit against his sentence which, together with a six-month pre-release home detention eligibility, means he should already have been released. Respondent calculates that Petitioner is entitled to 43.75 days of time credits but will not apply any time credits until after January 15, 2022.

## DISCUSSION

The First Step Act ("FSA"), Public Law No. 115-391, was enacted into law on December 21, 2018. Mr. O'Bryan invokes the portion of the FSA dealing with an inmate's ability to earn time credits allowing him to secure earlier release from prison.

Congress directed the Bureau of Prisons ("BOP") to develop a system to assess each inmate's risks and needs. 18 U.S.C. § 3632(a). That risk and needs assessment tool was required to be completed no later than July 19, 2019. *Id.* The BOP met this deadline by announcing the development of its Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") tool on July 19, 2019. *See* Press Release 19-784, U.S. Dep't of Justice, *Department of Justice Announces the Release of 3,100 Inmates Under the First Step Act, Publishes Risk and Needs Assessment System* available at https://www.justice.gov/opa/pr/department-justice-announces-release-3100-inmates-under-first-step-act-publishes-risk-and (last checked May 14, 2021).

Congress then directed the BOP to apply this assessment (the PATTERN tool) to determine each inmate's needs for programming appropriate to him. 18 U.S.C. §3632(a)(3). This step was required to be completed 180 days after the creation of the PATTERN tool, or by January 15, 2020. The BOP met this deadline by screening all inmates using the PATTERN tool as announced on January 15, 2020. *See* Press Release 20-37, U.S. Dep't of Justice, *Department of Justice Announces Enhancement to the Risk Assessment System and Updates on First Step Act Implementation* available at http://www.justice.gov/opa/pr/department-justice-announces-enhancements-risk-assessment-system-and-updates-first-step-act (last checked May 14, 2021).

Congress created in the FSA a system of "time credits" to encourage inmates to participate in the particular programming needed by them as indicated by their PATTERN assessment. 18 U.S.C. § 3632(d). Under the FSA, time credits may be earned by eligible prisoners who successfully complete the right type of programming or productive activities. 18 U.S.C. § 3632(d)(4)(A). Time credits for the right kind of programming are awarded at the rate of "10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i). An inmate may receive an additional 5 days

credit for every 30 days, thus meaning such an inmate would receive 15 days credit or 50%, if certain other conditions are met. *See* 18 U.S.C. § 3632(d)(4)(A)(ii).

Not all programs or activities an inmate participates in qualify for these time credits. *Id.*, and §§ 3635(3), (5). The BOP cannot grant time credits for programs successfully completed before the enactment of the FSA. 18 U.S.C. § 3632(d)(4)(B).

The FSA directs the BOP to phase in the entire program for all prisoners. The phase-in ends on January 15, 2022. 18 U.S.C. § 3621(h)(2). During the phase-in period, the BOP is to provide priority to inmates based on the proximity of their release dates. 18 U.S.C. § 3621(h)(3).

Congress specified that:

Preliminary expansion of evidence-based recidivism reduction programs and authority to use incentives. – Beginning on the date of enactment of this subsection [December 21, 2018], the Bureau of Prisons may begin to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison as of such date, [December 21, 2018] and may offer to prisoners who successfully participate in such programs and activities the incentive and rewards described in subchapter D. (emphasis added).

18 U.S.C. § 3621(h)(4).

This is the subsection that has been primarily relied upon by those courts that have found no subject matter jurisdiction. The problem with that reliance is that the permissive "may" in each instance only refers to the programs that were in existence on the date of enactment, December 21, 2018. There is an interplay between 18 U.S.C. § 3632(d)(4)(B) and 18 U.S.C. § 3621(h)(4).

18 U.S.C. § 3632(d)(4)(B) with regard to time credits states:

(B) Availability.–A prisoner may not earn time credits under this paragraph for an evidence-based recidivism reduction program that the prisoner <u>successfully completed</u>–
(i) prior to the date of enactment of this subchapter; (emphasis added).

§ 3632(d)(4)(B) prohibits only the earning of time credits for programs <u>completed</u> before the enactment on December 21, 2018. By comparison, § 3621(h)(4) with its "may" language allows the BOP to expand the programs that existed at the time of enactment, and the second "may" allows the BOP the discretion to allow time credits for "such programs and activities." "Such programs" are the programs and "activities that exist at a prison as of such date,....", "such date" once again being the date of enactment, December 21, 2018.

§ 3621(h)(4) is only dealing with programs that existed as of the date of enactment on December 21, 2018, allowing those programs to be expanded if the BOP elects to do so. In addition, for only those programs in existence at the time of the enactment, the BOP can determine whether or not to give time credits. On the other hand, the BOP cannot because of 3632(d)(4)(B) give time credits if prisoners had <u>completed</u> such programs before the date of enactment.

Those two sections only deal with programs in effect before and at the time of enactment of the First Step Act. 18 U.S.C. § 3621(h)(4) should not and cannot be read by its "may" language to be broadly applied to say that the BOP has discretion to not allow time credits either accrued after enactment of FSA to January 15, 2022 or at any time after that. If the § 3621(h)(4) was interpreted as is urged, it would mean that after January 15, 2022 the BOP could refuse to honor time credits. Such a reading of the First Step Act is contrary to the mandatory language of the Act such as 18 U.S.C. § 3632(d)(4)(A) which provides that a prisoner "shall earn time credits as follows...." and 18 U.S.C. § 3632(d)(4)(C) which provides that time credits "shall be applied toward time in prison custody or supervised release...."

If, for example, a prisoner at the time of enactment was in a recidivism reduction program at the time of enactment of the FSA, but had not completed the program, then upon successful completion, the BOP would have the discretion as granted by Congress in § 3621(h)(4) to determine whether or not the prisoner would get time credit for that completion.

Further, § 3621(h)(4) makes no mention of January 15, 2022. It does not even infer that time credits earned after enactment cannot or need not be credited before January 15, 2022. Instead, no

exception to allowing time credits under the FSA is made to the mandates in § 3632(d)(4)(A) and § 3632(d)(4)(C) other than the prohibition in § 3632(d)(4)(B) to allowing time credits for programs completed before enactment.

Many of the time credits claimed by Petitioner O'Bryan are for programs successfully completed before FSA enactment. Those claims fail due to 18 U.S.C. § 3632(d)(4)(B).

The BOP acknowledges that O'Bryan has now successfully completed a college degree program on or about August 9, 2021. As a result, he will receive another 12.5 days of time credit for a total of 43.75 days of time credit under the First Step Act.

18 U.S.C. § 3632(d)(4)(A) provides: "A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, <u>shall</u> earn time credits as follows:" (emphasis added). Subparagraph (D) contains an extensive list of offenses which disqualify offenders from time credits. Roughly half of the BOP population is ineligible for time credits because of their offense of conviction. Julie Samuels, Emily Tiry, *Implementation of the First Step Act: The Risk and Needs Assessment*, URBAN INSTITUTE at 3 (July 6, 2021), www.urban.org.

> In addition, 18 U.S.C. § 3632(d)(4)(C) provides:
>
> Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities <u>shall</u> be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons <u>shall</u> transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release (emphasis added).

Mandatory words such as "shall" impose a duty and permissive words such as "may" grant discretion, the mandatory/permissive canon of statutory construction. ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 112 (2012).

5

In considering whether an agency's interpretation of a statute gets deference under *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984), the court is guided by:

> Where a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, applying the ordinary tools of statutory construction, the court must determine whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.

*Mayo Clinic v. U.S.*, 997 F.3d 789, 792 (8th Cir. 2021)(quoting *City of Arlington v. FCC*, 569 U.S. 290, 296, 133 S.Ct. 1863, 185 L.Ed.2d 941 (2013)).

In the FSA, Congress used mandatory words and permissive words. The intent of Congress was clear in each instance. Accordingly, no deference is to be accorded to the BOP position that it need do nothing with accrued time credits under the FSA until January 15, 2022.

Where as here the intent of Congress is clear, there is no need to go to *Chevron* step two and among other things, consult legislative history. If the legislative history of the FSA were consulted, it would only confirm what Congress clearly expressed in the text of the FSA. *See Goodman v. Ortiz*, 2020 WL 5015613 (D.N.J. 2020). The BOP is supposed to now get on with applying the FSA to prisoners, with the short-timers to get preference in the phase-in of the FSA. 18 U.S.C. § 3621(h)(3) "Priority during phase-in during the 2-year period described in paragraph (2)(A), the priority for such programs and activities shall be accorded based on a prisoner proximity to release date." Not only are the short-timers such as O'Bryan to get priority for getting into the programs and activities, but if they successfully complete the programs or activities, they are entitled to the time credits earned. 18 U.S.C. § 3632(d)(4) provides:

> (4)   Time credits.--
>    (A) In general.--A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, <u>shall</u> earn time credits as follows: (emphasis added).

Petitioner has an early release date of February 23, 2022, via good conduct time release.

6

With the BOP position of no FSA time credits being applied before January 15, 2022, that means that the BOP will not honor or apply a portion of the 43.75 days of credit Petitioner is entitled to under the First Step Act.

There are general complaints about other applications of the FSA by the BOP. O'Bryan has successfully completed a post-secondary Associate's degree through Mount Marty University, which results in 200 EBRR (evidence-based recidivism reduction) programming hours, and he has 500 EBRR programming hours from successful completion of the RDAP program, which is an extensive drug treatment program. Those 700 EBRR programming hours result in 43.75 days of time credit under the First Step Act. Whether or not that is appropriate credit is not before the court so the court applies the credits as calculated by the BOP.

Petitioner is entitled to receive all of his 43.75 days of credit to move back his current February 23, 2022 release date. Whether those time credits are applied for pre-release custody or transfer to supervised release is by statute within the discretion of the Bureau of Prisons. 18 U.S.C. § 3632(d)(4)(C); 18 U.S.C. § 3624(g). Accordingly,

IT IS ORDERED:

1. The Report and Recommendation is not adopted. Petitioner's objections to the Report and Recommendation are granted only to the extent set forth above.

2. The Respondent's Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, Doc. 14, is denied.

3. The Petition pursuant to 28 U.S.C. § 2241, Doc. 1, is granted to the extent set forth above.

Dated this 1ST day of September, 2021.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Court

ATTEST:
MATTHEW W. THELEN, CLERK

/s/ Matthew Thelen